IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **OCZ TECHNOLOGY GROUP, INC., et al.**[1] | Case No. 13-13126 (PJW) |
| Debtors. | Jointly Administered |
| | RE: Docket No. 6 |

**ORDER (I) AUTHORIZING THE DEBTORS TO PAY AND HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS AND PRACTICES IN THE ORDINARY COURSE OF BUSINESS AND (II) AUTHORIZING AND DIRECTING THE DISBURSEMENT BANKS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (each a "**Debtor**" and, collectively, the "**Debtors**") for an order, pursuant to sections 105(a) and 363(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), authorizing (i) authorizing the Debtors to pay and honor all Customer Program Obligations and to otherwise continue Customer Programs and practices in the ordinary course of business, and (ii) authorizing and directing the Disbursement Banks to honor and process related checks and transfers, all as more fully described in the Motion; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: OCZ Technology Group, Inc. (1093); Indilinx, Inc. (0763); and Sanrad, Inc. (2916). The Debtors' principal offices are located at 6373 San Ignacio Avenue, San Jose, California 95119.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:14551519.2

consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, these estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors, in their business judgment, are authorized, but not required, to (i) pay, perform, and honor the Customer Program Obligations, and (ii) continue, renew, replace, implement new, and/or terminate, one or more of the Customer Programs as they deem appropriate, in the ordinary course of business, without further application to this Court, including making all payments, honoring and satisfying all obligations, and permitting and effecting all setoffs in connection therewith, whether relating to the period prior or subsequent to the Petition Date.

3. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim is a claim under any Customer Program; or (v) to constitute an assumption of any contract or require the Debtors to make any payment authorized herein.

4. All the Disbursement Banks are authorized and directed to receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made

01:14551519.2

by the Debtors related to, the claims that the Debtors are authorized to pay pursuant to this Order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date; provided, however, that: (i) funds are available in the Debtors' accounts to cover the checks and fund transfers; and (ii) all the Disbursement Banks are authorized to rely on the Debtors' designation of any particular check or fund transfer request to be honored.

5. Notwithstanding anything herein or in the Motion to the contrary, the authorizations and approvals provided in this Order are subject to the terms and conditions of any interim or final order authorizing debtor in possession financing or use of cash collateral, including, without limitation, any budget related thereto.

6. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized in this Order.

7. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived and pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
December 4, 2013

_____
Peter J. Walsh
United States Bankruptcy Judge

01:14551519.2