IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| **OCZ TECHNOLOGY GROUP, INC., et al.**[1] | Case No. 13-13126 (PJW) |
| Debtors. | Jointly Administered |
| | RE: Docket No. 8 |

### INTERIM ORDER PURSUANT ORDER (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS AND SERVICE PROVIDERS AND (II) SETTING A FINAL HEARING RELATED THERETO

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (each a "**Debtor**" and, collectively, the "**Debtors**") requesting entry of interim and final orders, of the Debtor for interim and final orders, pursuant to sections 105(a), 363(b), 1107(a), and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (i) authorizing, but not directing, the Debtor to pay, in the ordinary course of business, the prepetition claims of certain critical vendors and (ii) authorizing, but not directing, the applicable banks and financial institutions to honor all related checks and electronic payment requests; and upon the First Day Declaration; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: OCZ Technology Group, Inc. (1093); Indilinx, Inc. (0763); and Sanrad, Inc. (2916). The Debtors' principal offices are located at 6373 San Ignacio Avenue, San Jose, California 95119.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:14551682.2

708075651

no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, these estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on an INTERIM BASIS as set forth herein.

2. The Debtors are hereby authorized but not required to pay, in their sole discretion, without further order of the Court, the Critical Vendor Claims. Notwithstanding the foregoing, payments on account of Critical Vendor Claims shall not exceed $4.02 million without further order of this Court.

3. The Debtors shall undertake appropriate efforts to cause the Critical Vendors to enter into Trade Agreements with the Debtors substantially in the form of the letter annexed as Exhibit C to the Motion as a condition to payment of its Critical Vendor Claims.

4. The Debtors are authorized, in its sole discretion, to make payment on account of Critical Vendor Claims in the absence of a Trade Agreement after the Debtors have undertaken appropriate efforts to cause the Critical Vendor to execute a Trade Agreement and if the Debtors determine, in their sole discretion, that failure to pay the Critical Vendor Claim presents a material risk of irreparable harm to the Debtors' business.

5. If a Critical Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Critical Vendor Claim or fails to comply with any Trade Agreement entered into by such Critical Vendor and the Debtors, the Debtors reserve their rights to take any and all actions necessary to return the parties to the

01:14551682.2

positions they held immediately prior to entry of this Order with respect to all prepetition claims, including, but not limited to, (i) declaring that any Trade Agreement between such the Critical Vendor and the Debtors is terminated, (ii) declaring that any payments made to the Critical Vendor on account of its Critical Vendor Claim are deemed to have been made in payment of then-outstanding postpetition claims of such Critical Vendor without further order of this Court or action by any person or entity, and (iii) seeking recovery or disgorgement of any payment made to the Critical Vendor on account of its Critical Vendor Claim to the extent that such payments exceed the value of any postpetition claims of the Critical Vendor.

6. The Debtors may, in their sole discretion, reinstate a terminated Trade Agreement if (i) such determination is subsequently reversed by this Court after notice and a hearing following a motion by the Critical Vendor, for good cause shown, that the determination was materially incorrect; (ii) the underlying default under the Trade Agreement was fully cured by the Critical Vendor not later than five (5) business days following the Debtors' notification to the Critical Vendor that a default had occurred; or (iii) the Debtors, in their discretion, reach a favorable alternative agreement with the Critical Vendor.

7. All applicable banks and other financial institutions are authorized, but not directed, to rely on the Debtors' direction to pay amounts in accordance with this Order provided that sufficient funds are available in the applicable accounts to make the payments.

8. The Debtors shall provide, on a confidential basis, to the Postpetition Lender, counsel to any statutorily committee appointed in these cases (professionals'-eyes only), and the U.S. Trustee bi-weekly written reports of all payments made hereunder, and reasonable and timely access to information sufficient to enable the Postpetition Lender to monitor payments made, obligations satisfied, and other actions taken pursuant to this Order; *provided* that the

Postpetition Lender may share such information with its professionals and any private-side lenders under the proposed postpetition financing facility

9. The provisions contained herein shall not be construed to limit, or in any way affect, the Debtors' ability to contest any claims, including any Critical Vendor Claims, on any ground permitted by applicable law, and neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person

10. The deadline by which objections to the Motion and the Final Order must be filed, except for any statutorily appointed committee, which shall is December 12, 2013 at 4:00 p.m. (ET). Objections must be served on: (i) counsel to have a deadline of the Debtors; (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, December 17, Attention: David L. Buchbinder, Esq. (e-mail: David.L.Buchbinder@usdoj.gov; and (iii) counsel 2013 at Noon (ET). to any statutory committee appointed in these cases. A final hearing, if required, on the Motion will be held on December 19, 2013 at 4:00 p.m. (ET). If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

11. Notwithstanding anything herein or in the Motion to the contrary, the authorizations and approvals provided in this Order are subject to the terms and conditions of any interim or final order authorizing debtor-in-possession financing or use of cash collateral, including, without limitation, any budget related thereto.

01:14551682.2

12. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

13. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

14. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection, pending the entry of the Final Order by this Court.

01:14551682.2

5

15. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
December 4, 2013

_____
PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

01:14551682.2

6